UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMY COMFORT, on behalf of herself and
others similarly situated,

                            Plaintiff,

            v.                                              Case No. 6:19-cv-06089-CJS

RICOLA USA, INC.,

                            Defendant.


**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**


SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 653-9700
Facsimile: (212) 653-8701

Attorneys for Defendant Ricola USA, Inc.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................ 1

BACKGROUND FACTS ................................................................................................... 3

ARGUMENT ...................................................................................................................... 6

I.  Plaintiff's Claims of New York General Business Law § 349 and § 350 Fail As a Matter
    of Law ....................................................................................................................... 7

    A.  The Packaging of Ricola's Products Contains Factually True Statements That Are
        Not Likely To Deceive a Reasonable Consumer ....................................................... 7

    B.  Any Ambiguity Over The Statement "Naturally Soothing" Would Be Dispelled
        By Reviewing the Packaging As a Whole ............................................................. 10

    C.  Plaintiff Has Failed To Adequately Allege Actual Injury ................................... 12

II.  The Remaining New York Law Claims Should Be Dismissed ........................................ 13

    A.  The Unjust Enrichment Claim is Duplicative And Must Be Dismissed ............... 14

    B.  Plaintiff's Negligent Misrepresentation Claim Fails ........................................... 14

III.  Plaintiff Lacks Standing to Seek Injunctive Relief .......................................................... 15

CONCLUSION .................................................................................................................. 18

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ..................................................................................6

*Axon v. Citrust World, Inc.*
    354 F. Supp. 3d 170 (E.D.N.Y. 2018) ...................................................14

*Belfiore v. Proctor & Gamble Co.*
    311 F.R.D. 29 (E.D.N.Y. 2015) .......................................................2, 7, 10

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ..................................................................................6

*Bernardino v. Barnes & Noble Booksellers, Inc.*
    No. 17-CV-04570 (LAK) (KHP) 2017 WL 3727230 (S.D.N.Y. Aug. 11,
    2017) ........................................................................................................17

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*
    448 F.3d 573 (2d Cir. 2006) ...................................................................14

*Brod v. Sioux Honey Ass'n Coop.*
    927 F. Supp. 2d 811 (N.D. Cal. 2013) .....................................................7

*Brown v. Starbucks Corp.*
    Case No.: 18cv2286, 2019 WL 996399 (S.D. Cal. Mar. 1, 2019) ............8

*Brumfield v. Trader Joe's Co.*
    17 Civ. 3239, 2018 WL 4168956 (S.D.N.Y. Aug. 30, 2018) ............9, 14

*Colella v. Atkins Nutritionals, Inc.*
    348 F. Supp. 3d 120 (E.D.N.Y. 2018) ...............................................13, 16

*Cooper v. U.S. Postal Serv.*
    577 F.3d 479 (2d Cir. 2009) ...................................................................15

*Corsello v. Verizon N.Y., Inc.*
    18 N.Y.3d 777 (2012) .............................................................................14

*Daniel v. Mondelez Int'l. Inc.*
    287 F. Supp. 3d 177 (E.D.N.Y. Feb. 26, 2018) ................................3, 16

*Davis v. The Hain Celestial Grp., Inc.*
    297 F. Supp. 3d 327 (E.D.N.Y. 2018) ...................................................10

*DeBlasio v. Merrill Lynch & Co.*
No. 07-CV-318, 2009 WL 2242605 (S.D.N.Y. July 27, 2009) ..............................15

*Fink v. Time Warner Cable*
714 F.3d 739 (2d Cir. 2013)..............................................................................2, 7, 10

*Freeman v. Time, Inc.*
68 F.3d 285 (9th Cir. 1995) .......................................................................................10

*Grasser v. Kiss My Face, LLC*
Case No. 17-cv-01675-JSC, 2018 WL 4847071 (N.D. Cal. April 4, 2018) ...........8

*Harris v. Mills*
572 F.3d 66 (2d Cir. 2009).........................................................................................6

*Hidalgo v. Johnson & Johnson Consumer Cos.*
148 F. Supp. 3d 285 (S.D.N.Y. 2015)......................................................................12

*High Tides, LLC v. DeMichele*
88 A.D.3d 954 (2d Dep't 2011) ................................................................................15

*Holmes v. Grubman*
568 F.3d 329 (2d Cir. 2009).......................................................................................6

*Hydro Inv'rs, Inc. v. Trafalgar Power Inc.*
227 F.3d 8 (2d Cir. 2000)..........................................................................................14

*In re: 100% Grated Parmesan Cheese Marketing & Sales Practices Litig.*
275 F. Supp. 3d 910 (N.D. Ill. 2017) ..................................................................10, 11

*Izquierdo v. Mondelez Int'l, Inc.*
No. 16-CV-4697, 2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016)....................12, 13, 15

*Jonathan Chuang v. Dr. Pepper Snapple Grp., Inc.*
Case No. CV 17-01875-MWF, 2017 WL 4286577 (C.D. Cal. Sept. 20, 2017) ........9

*Kimmell v. Schaefer*
89 N.Y.2d 257 (1996) ................................................................................................15

*Kommer v. Bayer*
710 Fed. Appx. 43 (2d Cir. 2018) .............................................................................16

*L.A. v. Lyons*
461 U.S. 95, 103 S. Ct. 1660 (1983).........................................................................16

*Lau v. Pret A Manger (USA) Ltd.*
No. 17-CV-5775 (LAK), 2018 WL 4682014 (S.D.N.Y. Sept. 28, 2018)..................16

*Lujan v. Defs. of Wildlife*
 504 U.S. 555, 112 S. Ct. 2130 (1992) ................................................................16

*Nelson v. MillerCoors, LLC*
 246 F. Supp. 3d 666 (E.D.N.Y. 2017) ..........................................................12, 14

*Orlander v. Staples, Inc.*
 802 F.3d 289 (2d Cir. 2015) ...........................................................................13

*Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*
 712 F.3d 705 (2d Cir. 2013) .............................................................................6

*Phillips v. City of New York*
 27 F. Supp. 3d 310 (E.D.N.Y. 2014), *aff'd*, 775 F.3d 538 (2d Cir. 2015) ................6

*Savage v. OFC. Michael Acquino*
 13-CV-6376, 2016 WL 5793422 (W.D.N.Y. Sept. 29, 2016) ...................................3

*Solak v. Hain Celestial Grp., Inc.*
 3:17-CV-0704, 2018 WL 1870474 (N.D.N.Y. April 17, 2018) ......................2, 7, 11

*Strubel v. Comenity Bank*
 842 F.3d 181 (2d Cir. 2016) ...........................................................................15

*Warth v. Seldin*
 422 U.S. 490, 95 S. Ct. 2197 (1975) ................................................................15

*Workman v. Plum Inc.*
 141 F. Supp. 3d 1032 (N.D. Cal. 2015) .......................................................11, 12

Statutes

New York General Business Law § 349
 ............................................................................................1, 5, 7, 11, 12, 13

New York General Business Law § 350
 ............................................................................................1, 5, 7, 11, 12, 13

Other Authorities

21 C.F.R. § 201.66 .............................................................................................5

Rule 12(b)(6) .............................................................................................1, 3, 6

U.S. Const. Article III, § 2, cl. 1 .......................................................................15

Defendant Ricola USA, Inc. ("Ricola" or "Defendant") respectfully submits this memorandum of law in support of its Motion to Dismiss the Class Action Complaint (ECF No. 1) of Plaintiff Amy Comfort ("Plaintiff") pursuant to Federal Rule of Civil Procedure ("FRCP" or "Rule") 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff's claims herein are based in their entirety upon the words "Naturally Soothing" being found on the front of the packaging of Ricola's throat drop products (the "Products"). Plaintiff claims that, based on these words alone, she believed that the Products would not contain any unnatural, synthetic, artificial, and/or genetically modified ingredients.

The actual statement made on the packaging for the Products is "Naturally Soothing Relief that Lasts" (the "Soothing Statement"), with the word "Naturally" modifying "Soothing Relief." *See* Complaint, Ex. A. It is undisputed that the active ingredient in the Products that provides the soothing relief is menthol. There is no allegation in the Complaint that the active ingredient in the Products is unnatural, synthetic, artificial, and/or genetically modified. Instead, Plaintiff alleges that Defendant's Products contain inactive ingredients which are unnatural, synthetic, artificial, and/or genetically modified. *See* Complaint, at ¶¶ 33-44. On this record, Plaintiff brings a putative class action and alleges the following claims against Ricola: (1) violation of New York General Business Law ("NYGBL") § 349; (2) violation of NYGBL § 350, (3) Unjust Enrichment; and (4) Negligent Misrepresentation. As set forth more fully below, Plaintiff fails to state a plausible claim for relief, and the Complaint is properly dismissed.

First, Plaintiff cannot state claims for violation of NYGBL § 349 and § 350 because no reasonable consumer would be deceived by the Soothing Statement, which itself is factually accurate. A reasonable consumer would not interpret the Soothing Statement to mean that the Products contain only natural ingredients. Rather, the word "Naturally" modifies "Soothing

1

Relief", and a reasonable consumer would perceive that the ingredient that provides the soothing relief is natural. Plaintiff does not allege that that the active ingredient, menthol, is not natural. There is nothing deceptive or misleading about Ricola's labeling.

Second, even if there were any ambiguities as to the meaning of the Soothing Statement, other information on the packaging resolves any ambiguity and would defeat Plaintiff's claims that she was deceived by Ricola's packaging. "The primary evidence in a consumer-fraud case arising out of allegedly false advertising is, of course, the advertising itself." *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013). "[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Id*. Courts must "view each allegedly misleading statement in light of its context on the product label or advertisement as a whole." *Solak v. Hain Celestial Grp., Inc*., 3:17-CV-0704, 2018 WL 1870474, at *3 (N.D.N.Y. April 17, 2018) (citing *Belfiore v. Proctor & Gamble Co*., 311 F.R.D. 29, 53 (E.D.N.Y. 2015)). Ricola's packaging prominently lists the inactive ingredients and would dispel any confusion Plaintiff or other consumers have regarding the Soothing Statement found on the front of the package. Plaintiff admits that the ingredients she contends are unnatural are listed on the packaging, specifically, ascorbic acid, aspartame, citric acid, isomalt, malic acid, and sorbitol. Complaint at ¶¶ 39-44, 65.

Third, Plaintiff's unjust enrichment claim fails because it is duplicative of Plaintiff's NYGBL claims. Plaintiff fails to show how her unjust enrichment claim differs from her NYGBL claims.

Fourth, Plaintiff's negligent misrepresentation claim also should be dismissed because Plaintiff fails to allege a special relationship between Plaintiff and Ricola and a special duty owed to Plaintiff as required under New York law.

2

Lastly, Plaintiff lacks standing to seek injunctive relief because she fails to allege any imminent threat of injury. Plaintiff is aware of any alleged misrepresentation of the Products and even alleged that had she known the ingredients in the Products, she would not have purchased Ricola's throat drops. Thus, Plaintiff fails to allege any likelihood of imminent future harm.

## **BACKGROUND FACTS**

Ricola sells throat drops in packaging with the Soothing Statement. Complaint, at ¶ 1.[1] All of the Products include an ingredient list on the packaging, as required by the US Food and Drug Administration (FDA).[2] The labels of the Products state that the active ingredient is "Menthol" and the purpose is "Cough suppressant" or "Oral anesthetic" or both. *See* Declaration of Donald Parriott ("Parriott Decl."), Exs. 1-8. The ingredient list also includes "Inactive Ingredients". *Id*. As an example, below is the Drug Facts of Ricola's Cherry Honey Herb Throat

---

[1] Plaintiff lists a number of Ricola's throat drops, including the Cherry Honey, Green Tea with Echinacea – Sugar Free, Honey Lemon with Echinacea, Lemon Mint, Lemon Mint – Sugar Free, Mixed Berry with Vitamin C, Original Swiss Herb – Sugar Free, and Swiss Cherry – Sugar Free. Plaintiff admits that the packaging for the Mixed Berry with Vitamin C product does not contain the "Naturally Soothing Relief" statement. *See* Complaint, at ¶ 1, n.1. Indeed, Plaintiff does not allege to have purchased the Mixed Berry with Vitamin C product. Rather, she vaguely alleges that she purchased "one or more of Defendant's Products at issue," *see* Complaint, at ¶ 16, and specifically alleges that she relied upon the "Naturally Soothing Relief" statement on the Products. *See id*., at ¶ 63. As the statement which is the basis for the Complaint is not found on the packaging for the product, the Complaint fails to state a claim as against the Mixed Berry with Vitamin C product.

[2] In deciding a Rule 12(b)(6) motion, the court may consider documents that are "plainly referenced in [the Complaint]. . . that [Plaintiff] had either in [her] possession or had knowledge of and upon which [she] relied in bringing suit." *Savage v. OFC. Michael Acquino*, 13-CV-6376, 2016 WL 5793422, n. 4 (W.D.N.Y. Sept. 29, 2016) (citing *Chambers v. Time Warner, Inc*., 282 F.3d 147, 153 (2d Cir. 2002)). Here, Ricola's packaging for the Products is referenced in the Complaint and form the basis for Plaintiff's claims. The Court here may properly consider the full packaging of Ricola's Products. *See Daniel v. Mondelez Int'l. Inc*., 287 F. Supp. 3d 177, 183-4 (E.D.N.Y. Feb. 26, 2018) (considering defendant's submission regarding the labeling of the box in a motion to dismiss when the packaging of the product formed "the very basis for [p]laintiff's claims.").

Drops, which is representative of the Drug Facts panel of all Products with the "Naturally Soothing Relief that Lasts" representation:



**Drug Facts**

**Active Ingredient (in each drop)**          **Purposes**
Menthol, 2.0 mg...................................................Oral anesthetic

**Uses** temporarily relieves:
occasional minor irritation and pain associated with
• sore mouth
• sore throat

**Warnings**
**Do not use**
• in children under 6 years of age unless directed by a doctor.

**Stop use and ask a doctor if**
• sore throat is severe, persists for more than 2 days, or is accompanied by fever, headache, rash, nausea or vomiting.
• sore mouth symptoms do not improve in 7 days.

**Keep out of reach of children.**

**Directions**
• adults and children 6 years and older: dissolve 2 drops (one at a time) slowly in the mouth. Do not bite or chew. Repeat every 2 hours as needed or as directed by a doctor
• children under 6 years: ask a doctor

**Other Information** protect from heat and moisture

**Inactive Ingredients** extract of a Ricola herb mixture (elder, horehound, hyssop, lemon balm, linden flowers, mallow, peppermint, sage, thyme, wild thyme), honey, malic acid, natural cherry concentrate, natural color, natural flavors, starch syrup, sugar

*See* Parriott Decl., Ex. 1.

Plaintiff generally alleges that she purchased Ricola's throat drops and relied on the Soothing Statement found on the packaging in deciding to purchase the Products. *See* Complaint, at ¶ 63. Plaintiff alleges that she interpreted the Soothing Statement to mean that the products "did not contain any unnatural, synthetic, artificial, and/or genetically modified ingredients." *Id.* at ¶ 64. Plaintiff claims that subsequent to her purchase of the Products, she discovered that they include unnatural, synthetic, artificial and genetically modified ingredients

4

because Ricola's throat drops included ascorbic acid, aspartame, citric acid, isomalt, malic acid, and sorbitol. *Id.* at ¶¶ 39-44, 65. Plaintiff claims to have been misled by Ricola's labeling and suffered damages as a result. *Id.* at ¶¶ 63, 71.

Plaintiff asserts causes of action for violation of the New York General Business Law § 349 and § 350. *Id.* at ¶¶ 92-111. Plaintiff also asserts claims for unjust enrichment and negligent misrepresentation. *Id.* at ¶¶ 112-124. Plaintiff seeks to represent a nationwide class of all "United States residents who purchased the Products, for personal use and not resale, during the four-year period preceding the date of the filing of [the] Complaint, through and to the date Notice is provided to the Class." *Id.* at ¶ 78(a)(i). Plaintiff also seeks to represent a New York State class, comprised of "all New York residents who purchased the Products, for personal use and not resale, during the four-year period preceding the date of the filing of this Complaint, through and to the date Notice is provided to the Class." *Id.* at ¶ 78(a)(ii).

Though Plaintiff refers to the Products as "food," (*see e.g.*, Complaint, at ¶¶ 5, 48, 50, 59(e), (k),(m), (n) and 108) under the FDA regulations, the Products are considered over-the-counter (OTC) drug products and their labeling is governed by 21 C.F.R. § 201.66. The FDA requires that the OTC drug product labeling provide the following information, in the order listed: (1) (Title) "Drug Facts"; (2) "Active Ingredient" or "Active ingredients", followed by the established name of each active ingredient and the quantity of each active ingredient per dosage unit (3) "Purpose"; (4) "Use" or "Uses"; (5) "Warning" or "Warning"' (6) "Directions"; (7) "Other information"; (8) "Inactive ingredients", followed by a listing of the established name of each inactive ingredient; and (9) "Questions?" or "Questions or comments?" following by the telephone number of a source to answer questions. *See* 21 C.F.R. § 201.66. All of the Products are in compliance with the FDA labeling regulation.

All of the Products prominently provide the information required by the FDA. Thus, there is nothing unlawful or misleading about Ricola's Products and their labels.

## ARGUMENT

To avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Phillips v. City of New York*, 27 F. Supp. 3d 310, 312 (E.D.N.Y. 2014), *aff'd*, 775 F.3d 538 (2d Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). A sufficiently pled claim "must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Because "[f]actual allegations must be enough to raise a right to relief above the speculative level," a plaintiff must allege "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The Court need not credit "legal conclusions" in a claim or "threadbare recitals of the elements of a cause of action, support by mere conclusory statements." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citing *Iqbal*, 556 U.S. at 663, 129 S. Ct. 1937) (internal quotation marks and alteration omitted). Ultimately, while the Court at this stage accepts as true all material allegations in the Complaint, *see, e.g., Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009), Plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

# I. Plaintiff's Claims of New York General Business Law § 349 and § 350 Fail As a Matter of Law

To state a viable claim for relief under the New York's consumer protection statute, "[plaintiff] must establish that [the] allegedly deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances." *Solak*, 2018 WL 1870474, at *3 (citing *Fink*, 714 F.3d at 741). Plaintiff must allege "more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Id.* (citing *Brod v. Sioux Honey Ass'n Coop.*, 927 F. Supp. 2d 811, 828 (N.D. Cal. 2013)). And "[i]t is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Id.* (citing *Fink*, 714 F.3d at 741). The Court must "view each allegedly misleading statement in light of its context on the product label or advertisement as a whole." *Id.* at *3 (citing *Belfiore,* 311 F.R.D. at 53).

## A. The Packaging of Ricola's Products Contains Factually True Statements That Are Not Likely To Deceive a Reasonable Consumer

Plaintiff's allegations here, even taken as true for purposes of this motion, fail to show that Ricola has made any statement that is likely to deceive an ordinary, reasonable consumer. Ricola's packaging unambiguously states that the Products provide "Naturally Soothing Relief that Lasts." *See* Complaint, Ex. A. The active ingredient that provides the soothing relief is menthol, and there is no allegation in the Complaint that menthol is not a natural ingredient.

Plaintiff alleges that she was misled by the Soothing Statement on the packaging for the Products and understood the labeling to mean that the Products "did not contain any unnatural, synthetic, artificial, and/or genetically modified ingredients." Complaint, at ¶ 64. However, the statement "Naturally Soothing Relief" does not mean "contains only natural ingredients", "all natural ingredients" or "100% natural ingredients." Ricola does not make any representations on

the Products that they are "All Natural" or "100% Natural."  A reasonable consumer would not perceive that "Naturally Soothing Relief that Lasts" statement to mean that only natural ingredients were used in the Products.

The decision in *Grasser v. Kiss My Face, LLC*, Case No. 17-cv-01675-JSC, 2018 WL 4847071 (N.D. Cal. April 4, 2018) is instructive.  In *Grasser*, the court granted defendant's motion to dismiss plaintiff's claims of violation of California and New York consumer statutes and other common law claims when plaintiff alleged that defendant's Lotion and Body Wash products with the term "nourish naturally with our botanical blends" were deceptive.  The court held that a reasonable consumer would not interpret "nourish naturally" to mean that the product contains only natural ingredients.  *Grasser*, 2018 WL 4847071, at *4.  The court emphasized that "nourish naturally" is not the same as "contains only naturally derived ingredients."  *Id*. Defendants' Lotion and Body Wash products also had the term "naturally effective" on the back label, which implied that the active ingredients are natural.  *Id*.  The court noted that plaintiff did not allege that such a representation is false.  *Id*.

Similarly, in *Brown v. Starbucks Corp*., Case No.: 18cv2286, 2019 WL 996399 (S.D. Cal. Mar. 1, 2019), the court dismissed plaintiff's complaint finding that under California consumer protection statutes, a reasonable consumer would not be misled by Starbuck's Gummies labeled "naturally-flavored" to mean that the Gummies contain only natural ingredients.  *Brown*, 2019 WL 996399, at *3.  In holding so, the court also pointed out that there are no statements or images on the Gummies' packaging that suggest the candy contains only natural ingredients.  *Id*.  In addition, the court considered that plaintiff "does not argue that the nature of the brand name is misleading."  *Id*. at *4.

There is nothing in Ricola's packaging that suggests that the Products only contain natural ingredients. The word "Naturally" does not stand in isolation but modifies "Soothing Relief that Lasts." Thereby, the Soothing Statement connotes a claim that the ingredient that provides the soothing relief to the throat is natural. Plaintiff does not allege that the ingredient menthol is not natural.

A reasonable consumer acting reasonably would perceive the Soothing Statement to mean that there is some ingredient or an ingredient that was naturally derived that provides soothing relief. Ricola's labeling is truthful and accurate. Therefore, the Court should find that Plaintiff fails to adequately allege how a reasonable consumer would be misled by Ricola's truthful statements. *See Jonathan Chuang v. Dr. Pepper Snapple Grp., Inc.*, Case No. CV 17-01875-MWF (MRWx), 2017 WL 4286577, at *4 (C.D. Cal. Sept. 20, 2017) (dismissing claims under California consumer protection statutes when "[p]laintiff does not adequately allege how the images and statements are false, in particular because an independent review of the product labels reveals that the statements are not false, as the products do contain the fruits and vegetables depicted, are made with fruit and vegetable juice, and contain 100% of the daily value of Vitamin C."); *see also Brumfield v. Trader Joe's Co.*, 17 Civ. 3239, 2018 WL 4168956, at *2 (S.D.N.Y. Aug. 30, 2018) (dismissing plaintiff's claims of violation of New York and California consumer protection acts when defendant's label "Black Truffle Flavored" does not suggest that the product is derived from natural truffles but suggest to a "'reasonable consumer acting reasonably' . . . that the product is designed to taste like black truffles, which, according to the Complaint, it does.").

**B.    Any Ambiguity Over The Statement "Naturally Soothing" Would Be Dispelled By Reviewing the Packaging As a Whole**

As the Second Circuit explained, "in determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Fink*, 714 F.3d at 742 (2d Cir. 2013). Courts must "view each allegedly misleading statement in light of its context on the product label or advertisement as a whole." *Belfiore*, 311 F.R.D. at 53 (quoting *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-CV-4427 (GGG)(RML), 2014 WL 4773991, at *8 (E.D.N.Y. Sept. 24, 2014); *see also Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995) (ruling that "any ambiguity that [plaintiff] would read into any particular statement is dispelled by the promotion as a whole."). "If a plaintiff alleges that an element of a product's label is misleading, but another portion of the label would dispel the confusion, the court should ask whether the misleading element is ambiguous . . . If so, the clarification can defeat the claim." *Davis v. The Hain Celestial Grp., Inc*., 297 F. Supp. 3d 327, 334 (E.D.N.Y. 2018).

Here, the packaging does not claim that the throat drops are made from all natural ingredients. To the contrary, the packaging states that the throat drops provide "Naturally Soothing Relief that Lasts." The ingredient list on the back of the packaging discloses that the active ingredient is "menthol" and also lists the inactive ingredients. Any potential ambiguity about the ingredients of the Products could be resolved by reviewing the packaging "as a whole." *Belfiore*, 311 F.R.D. at 53; *Freeman*, 68 F.3d at 290.

The decision in the In re: 100% Grated parmesan cheese multidistrict litigation is highly instructive. *See In re: 100% Grated Parmesan Cheese Marketing & Sales Practices Litig*., 275 F. Supp. 3d 910 (N.D. Ill. 2017). The plaintiffs alleged there that they were misled by the "100% Grated Parmesan Cheese" labels on parmesan cheese products because the products contained cellulose powder and potassium sorbate, and therefore cheese was not "100%" of the ingredients.

Plaintiffs claimed violation of multiple consumer statutes, including NYGBL § 349 and § 350. In contrast, defendants said that the term was accurate because it signified that it contained only parmesan cheese (and not other types of cheese, such as processed American cheese). The court found that the "principles [espoused by the courts] yield this rule: where a plaintiff contends that certain aspects of a product's packaging are misleading in isolation, but an ingredient label or other disclaimer would dispel any confusion, the crucial issue is whether the misleading content is ambiguous; if so, context can cure the ambiguity and defeat the claim." *Id*. at 992. The court noted that "[t]his distinction rests on the principle that, when product descriptions are merely vague or suggestive, '[e]very reasonable shopper knows the devil is in the details.'" *Id*. at 923 (quoting *Workman v. Plum Inc*., 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015)).

Applying this well-established case law to the claims, the court there found that the "100% Grated Parmesan Cheese" label was ambiguous because, while it "might be interpreted as saying that the product is 100% cheese and nothing else, it also might be an assertion that 100% of the cheese is parmesan cheese, or that the parmesan cheese is 100% grated." *Id*. at 923. Given the ambiguity of the allegedly misleading label, the court dismissed plaintiffs' claims of violation of various consumer statutes, including NYGBL claims, because the plaintiffs' claims were "doomed by the readily accessible ingredient panels on the products that disclose the presence of non-cheese ingredients." *Id*. at 923.

Similarly, in the *Solak* case, the court dismissed plaintiff's claim that defendants' labeling of the product "Veggie" straws is deceptive under New York and California consumer protection statutes. *Solak,* 2018 WL 1870474, at *9. The court stated that defendant's label simply presented the consumer with factually true statement – that the straws are somehow derived from vegetable-based products. *Id*. at *3. The court also held that with respect to the label "with

garden vegetables", the label was factually accurate because potato starch, potato flour, corn starch, tomato paste, and spinach powder are all derived from "vegetables that can be grown in a garden." *Id*. at *4. In addition, the court stated that "any potential ambiguity" that might arise about the product's vegetable content as a result of the pictures of vegetables on the package, "could be resolved by the back panel of the products, which list[s] all ingredients in order of predominance." *Id*. at *5 (quoting *Workman*, 141 F. Supp. 3d at 1035).

Likewise here, even if the Soothing Statement was to be considered ambiguous by a reasonable consumer, it would not be deceptive because the readily-accessible Drug Facts and ingredient listings on the Products disclose the ingredients that Plaintiff claims are not natural. Therefore, with the full ingredient list, including the active ingredient and the inactive ingredients, a reasonable consumer would not be misled to believe that the Products contain only natural ingredients. *See Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 676 (E.D.N.Y. 2017) (dismissing claims of NYGBL § 349 and § 350 when defendant's beer labels contained an explicit disclaimer that the beer was brewed in the United States); *see also Workman,* 141 F. Supp. 3d at 1035 (dismissing plaintiff's claims of violation of California consumer statutes when "any potential ambiguity could be resolved by the back panel of the products, which listed all ingredients in order of predominance, as required by the FDA.").

### C.     Plaintiff Has Failed To Adequately Allege Actual Injury

A plaintiff establishes statutory standing under NYGBL by "claiming that he paid a premium for a product based on the allegedly misleading representations." *Hidalgo v. Johnson & Johnson Consumer Cos*., 148 F. Supp. 3d 285, 295 (S.D.N.Y. 2015) (citation omitted). To sufficiently plead injury, a plaintiff must allege that, "on account of a materially misleading practice, [h]e purchased a product and did not receive the full value of [his] purchase." *See Izquierdo v. Mondelez Int'l, Inc*., No. 16-CV-4697, 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26,

2016) (citing *Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015)). In *Izquierdo,* the court dismissed plaintiff's NYGBL § 349 claim ruling that "[s]imply because Plaintiffs here recite the word 'premium' multiple times in their Complaint does not make Plaintiff's injury any more cognizable." *Izquierdo*, 2016 WL 6459832, at *7. Similarly, in *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120 (E.D.N.Y. 2018), the court found that plaintiff failed to state a claim for relief under NYGBL § 349 and § 350 when plaintiff failed to allege facts "regarding what the premium was, what price he paid for the products, or the price of non-premium products." *Colella*, 348 F. Supp. 3d at 143.

Here, Plaintiff has not provided any factual allegations that Ricola in fact charges a price premium for its Products. Like in *Izquierdo* and *Colella*, Plaintiff merely alleges that Ricola charges a premium for its Products and that Plaintiff and other consumers paid more than she would have for comparable products. *See* Complaint, at ¶ 31 ("[T]hey were charged a price premium for these alleged 'Naturally Soothing' Products over Products that did not claim to be 'Naturally Soothing.'"). Plaintiff fails to plead sufficient facts to support her assertion that she indeed paid a price premium. There are no allegations of the price she paid to purchase the Products, the price of comparative products that do not have the Soothing Statement, and the amount of her specific alleged economic injury. The Court should find that Plaintiff's conclusory allegations are insufficient to identify a cognizable injury to claim a relief under NYGBL § 349 and § 350.

## II.     The Remaining New York Law Claims Should Be Dismissed

Plaintiff's remaining claims of unjust enrichment and negligent misrepresentation should also be dismissed since Plaintiff fails to state sufficient factual allegations to plead a plausible claim for unjust enrichment and negligent misrepresentation under New York law.

### A. The Unjust Enrichment Claim is Duplicative And Must Be Dismissed

"To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006) (internal citation omitted). Under New York law, "unjust enrichment is not a catchall cause of action to be used when others fail . . . [and][a]n unjust enrichment claim is not available where is simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012).

The Complaint asserts business tort claims of violation of the NYGBL. Because Plaintiff's unjust enrichment claim is based on the same allegations as those other claims, and Plaintiff has failed to show how her unjust enrichment claim differs from her NYGBL claims, Plaintiff's unjust enrichment claim must be dismissed. *See Axon v. Citrust World, In*c., 354 F. Supp. 3d 170, 185 (E.D.N.Y. 2018) (dismissing plaintiff's unjust enrichment claim because it "duplicates her other causes of action based on the same alleged misrepresentations"); *see also Nelson*, 246 F. Supp. 3d at 679 (citing *Ebin v. Kangadis Food Inc*., 13-CV-2311, 2013 WL 6504547, at *7 (S.D.N.Y. Dec. 11, 2013)) (dismissing unjust enrichment claims when plaintiffs "fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action"); *Brumfield,* 2018 WL 4168956, at *5 (dismissing plaintiff's unjust enrichment claim as duplicative of his other claims under New York and California consumer protection statutes).

### B. Plaintiff's Negligent Misrepresentation Claim Fails

Plaintiff's Complaint fails to state a claim for negligent misrepresentation. "Under New York law, a plaintiff is required to show, and plead, 'that the defendant had a duty, as a result of a special relationship, to give correct information[.]'" *Hydro Inv'rs, Inc. v. Trafalgar Power Inc*., 227 F.3d 8, 20 (2d Cir. 2000). It is black letter law that "[a] special relationship does not

arise out of an ordinary arm's length business transaction between two parties." *High Tides, LLC v. DeMichele*, 88 A.D.3d 954, 960 (2d Dep't 2011) (quoting *US Express Leasing, Inc. v. Elite Tech [NY], Inc.*, 87 A.D.3d 494, 928 N.Y.S.2d 696 (2011)). Indeed, "liability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified." *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996).

Here, Plaintiff has not alleged and cannot allege a requisite "special relationship" between herself and Ricola. Plaintiff is an ordinary consumer. She alleges no facts to indicate the type of special relationship of trust or confidence that would give rise to any special duty owed to Plaintiff by Ricola. Therefore, the Court should find that no special relationship was created from which a duty arose. *See DeBlasio v. Merrill Lynch & Co.*, No. 07-CV-318, 2009 WL 2242605, at *5 *33 (S.D.N.Y. July 27, 2009); *see also Izquierdo*, 2016 WL 6459832, at *9 (dismissing negligent misrepresentation claim when consumer and manufacturer of candy "do not share a special relationship from which a duty arose.").

## III.    Plaintiff Lacks Standing to Seek Injunctive Relief

Article III of the Constitution limits the jurisdiction of federal courts to "cases and "controversies." U.S. Const. art. III, § 2, cl. 1. "This limitation is effectuated through the requirement of standing." *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 489 (2d Cir. 2009). Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197 (1975). "To satisfy the 'irreducible constitution minimum' of Article III standing, a plaintiff must demonstrate (1) 'injury in fact,' (2) a 'causal connection' between that injury and the complained-of-conduct, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" *Strubel v. Comenity*

*Bank*, 842 F.3d 181, 187-88 (2d Cir. 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992)).

"[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effect." *L.A. v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974)).  In false advertising cases in the Second Circuit, courts have found that because the plaintiff became aware of the alleged misrepresentations, plaintiff has failed to demonstrate a real or immediate threat of injury to be entitled to injunctive relief.  *See Kommer v. Bayer*, 710 Fed. Appx. 43, 44 (2d Cir. 2018) (affirming district court's decision that plaintiff did not have Article III standing for injunctive relief when "he has not shown that he is likely to be subjected to further [injurious] sales."); *see also Colella*, 348 F. Supp. 3d at 145 (finding that plaintiff lacked standing to bring a request for injunctive relief since plaintiff made no allegations of future harm); *Daniel v. Mondelez Int'l., Inc*., 287 F. Supp. 3d 177, 186 (E.D.N.Y. 2018) (finding that plaintiff did not have Article III standing for injunctive relief when she failed to allege a likelihood of continuing or future injury).

Here, Plaintiff fails to have standing to pursue an injunctive relief because she failed to allege any imminent harm.  Plaintiff alleges that she would not have purchased the Products had she known they contained unnatural and artificial ingredients.  *See* Complaint, at ¶ 63.  Plaintiff alleges that she is aware now of the true ingredients in the Products so she would be able to avoid any harm.  Even if Plaintiff alleges that she would purchase Ricola's throat drops again if the "Products were altered to conform to the representation on the labels", Complaint, at ¶ 63, she has not demonstrated a real or immediate threat of injury that would provide Plaintiff Article III standing for injunctive relief.  *See Lau v. Pret A Manger (USA) Ltd*., No. 17-CV-5775 (LAK),

2018 WL 4682014, at *2 (S.D.N.Y. Sept. 28, 2018) (finding that plaintiffs did not face a real threat of future economic injury when plaintiffs stated that they will not purchase defendants' wraps without an assurance that they are not paying for "empty space."); *see also Bernardino v. Barnes & Noble Booksellers, Inc.*, No. 17-CV-04570 (LAK) (KHP) 2017 WL 3727230, at *6 (S.D.N.Y. Aug. 11, 2017) ("[Plaintiff] stated in her sworn Declaration that she will not make further DVD purchases from [Defendant] until it changes its website. This admission deprives [Plaintiff] of standing because she has stated she intends to avoid future harm and concedes that her own conduct can prevent future harm.") (internal citation omitted).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint in its entirety with prejudice. Plaintiff fails to allege that a reasonable consumer would be deceived by Ricola's packaging. The "Naturally Soothing" statement on the packaging for the Products is factually accurate in that the active ingredient that provides the soothing relief is naturally derived. Therefore, Plaintiff received exactly what was represented and what she bargained for – throat drops with menthol that was derived naturally.

Dated: New York, New York
       April 29, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ Paul W. Garrity
    Paul W. Garrity
    Shin Y. Hahn

    30 Rockefeller Plaza
    New York, NY 10112
    Telephone: (212) 653-8700
    Facsimile: (212) 653-8701
    pgarrity@sheppardmullin.com
    shahn@sheppardmullin.com

    *Attorneys for Defendant Ricola USA Inc.*
